This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38492**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH CUMMINGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Stephen J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Joseph Cummings appeals his conviction for criminal sexual contact of a minor (under thirteen years of age) (CSCM), pursuant to NMSA 1978, Section 30-9-13(B) (2003). Defendant contends that (1) the district court erred in excluding evidence of sexual abuse of Victim (T.L.) by others; (2) the admission of expert testimony attributing T.L.'s post-traumatic stress disorder (PTSD) diagnosis to "the sexual abuse T.L. reported" was plain error; and (3) Defendant's counsel provided ineffective assistance. Finding no reversible error, we affirm.

## BACKGROUND

**{2}** Defendant was accused of inappropriately touching his daughter, T.L., at his apartment in Albuquerque, New Mexico when T.L. was five or six years old, on at least two occasions.

**{3}** T.L. was born in Michigan and moved to Albuquerque with her mother when she was seventeen months old. T.L.'s mother lost custody of T.L when she was three years old, and T.L. moved back to Michigan to live with Defendant for about two and a half years.

**{4}** In December 2006, when T.L. was five years old, Defendant lost primary custody of T.L., and T.L. returned to Albuquerque to live with her maternal grandmother (Grandmother). Defendant rented an apartment in Albuquerque so that T.L could visit him on weekends. It was during these visits that the two incidents of sexual abuse charged in this case occurred.

**{5}** T.L. did not immediately disclose these incidents of abuse because she thought it was her fault. She continued to spend summers, spring breaks, and Christmas in Michigan with Defendant.

**{6}** In March 2012, when she was thirteen years old, T.L. asked to see a therapist. T.L. disclosed to the therapist that she had been sexually abused by Defendant, both in Albuquerque, when she was five or six years old, and before that, in Michigan. T.L.'s therapist reported the disclosure to Grandmother and filed a report with the Children, Youth and Families Department. Grandmother took T.L. to a medical examination and S.A.F.E. House interview. Defendant was charged with two counts of CSCM.

**{7}** Before trial, the State requested that any evidence related to alleged sexual abuse of T.L., other than what was charged, be excluded as irrelevant and unduly prejudicial, pursuant to Rule 11-402 NMRA and Rule 11-403 NMRA, or as precluded by Rule 11-412(A) NMRA, because it related to a victim's sexual behavior or predisposition. Defendant did not respond, and the district court granted the motion in limine.

**{8}** Shortly after the State's motion was granted, Defendant filed a Rule 11-412 motion asking the district court to allow the defense to explore at trial certain allegations of sexual molestation T.L. made against others. The defense admitted in its motion that T.L. would testify that "her only molester was [D]efendant, her biological father."

**{9}** The district court denied Defendant's motion, concluding that the incidents alleged were irrelevant to the charges in front of the jury. Recognizing, however, that evidence of prior accusations or incidents of sexual abuse of T.L. by others, if such evidence existed, could be relevant to the defense, the district court allowed defense counsel to seek leave of the court during trial to explore this defense, if evidence was introduced that supported it.

**{10}** At trial, T.L.'s therapist was admitted as an expert witness in child counseling. Defense counsel did not object to her testifying as an expert. The therapist testified on direct examination by the State that in the course of acting as T.L.'s therapist for about a year and a half, she diagnosed T.L. with PTSD and "physical and sexual abuse of a child[.]" Defendant did not object to this testimony.

**{11}** Prior to beginning cross-examination, defense counsel requested a bench conference. Defense counsel told the judge that, given T.L.'s PTSD diagnosis, "the jury is going to think that the traumatic incident [causing her PTSD] is what [Defendant] did to her." Counsel claimed, without pointing to any evidence, that there were other incidents of sexual molestation of T.L. prior to the incidents charged, and that he should be permitted to question the therapist about whether she could identify which of multiple incidents of molestation caused T.L.'s PTSD. The district court reiterated that it would not allow defense counsel to go into the unsupported allegations made in defense counsel's Rule 11-412 motion. Defense counsel continued to insist that he wanted to clarify for the jury that there were other instances of sexual molestation that might have led to the diagnosis of PTSD and clarify that the therapist could not identify which incidents caused her PTSD. The court responded as follows:

| | |
|---|---|
| The court: | I think the question is like this, "You have diagnosed this patient with PTSD. What was the traumatic event that lead to the diagnosis?" |
| Defense counsel: | Right. Now, let's assume she says . . . it was abuse by her father . . . [.] Then can I ask her how she can separate one traumatic event from another? |
| The court: | No, no, no. . . . We're just talking about diagnosis. In fact, if you want, I'll ask the question. Would that make it easier for you? |
| Defense counsel: | Yeah, that would be fine . . . But my point is that it's not scientifically possible for her to distinguish one traumatic event from another. |
| Prosecution: | I have no problem with that question being asked. That's totally fair. I don't think she needs to go into the details. |
| The court: | I'm just going to ask—I'm going to ask what the PTSD—what was the traumatic event and why. And if you have more cross, go ahead. |

**{12}** The district court then asked T.L.'s therapist, "If I understood your testimony, you diagnosed [T.L.] with PTSD. What was the traumatic event . . . that lead you to make that clinical diagnosis?" The therapist responded, "For [T.L.], it was ultimately the sexual abuse she reported." Defense counsel did not object to either this question or the therapist's answer. He proceeded with his cross-examination of the therapist.

**{13}** Defendant called a psychologist as an expert witness for the defense. Based in part on the defense's late disclosure of the expert witness and the fact that part of the expert's opinion was based on the history the district court had already ruled inadmissible, the district court did not allow the expert to discuss T.L.'s diagnosis.

**{14}** Despite claiming that the "shoddiness" of the police investigation was central to Defendant's case, defense counsel "assumed that the lead investigator would testify."

He did not subpoena the investigator. As a result, evidence about the police investigation was not admitted, and the district court ruled out a line of questioning pertaining to the police investigation.

**{15}** The district court granted Defendant's motion for a directed verdict on one count of CSCM. The jury found Defendant guilty of the other count of CSCM.

## DISCUSSION

### I. The District Court Did Not Abuse Its Discretion by Excluding Evidence of Past Incidents of Sexual Abuse

**{16}** Defendant argues on appeal that the district court erred in excluding all evidence of what he claims was prior sexual abuse of T.L. Defendant contends "evidence that other, unrelated, persons had abused T.L. was very relevant to the question of whether [Defendant] had abused her[,]" given the therapist's expert testimony attributing T.L.'s PTSD diagnosis to the sexual abuse she reported.

**{17}** "We review the district court's decision to admit or exclude evidence for an abuse of discretion." *State v. Guerra*, 2012-NMSC-014, ¶ 36, 278 P.3d 1031. "In particular, rulings on matters of doubtful relevance under Rule 11-402 and the counterbalances to relevant evidence under Rule 11-403 are left to the broad discretion of the district court." *Id.* We cannot say the district court abused its discretion unless we characterize its ruling as clearly untenable or not justified by reason. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{18}** After a careful review of the record, we find no abuse of discretion.

**{19}** We understand Defendant to claim on appeal that he was unfairly denied the opportunity to present evidence to support his defense that T.L. had been abused by others in Michigan and that her PTSD was caused by that unrelated abuse by others, rather than by the incidents of sexual molestation by Defendant. The record, however, reveals that Defendant did not offer any evidence tending to show that such prior incidents of sexual abuse had, in fact, occurred.

**{20}** The only evidence presented to the district court in Defendant's pretrial Rule 11-412 motion arguably involving any sort of sexualized touching was an allegation that when T.L. was three years old, someone at her paternal grandmother's house had touched her, and that T.L. had said that she had "sex" with another young child, likely her brother. In pretrial questioning, T.L. had no memory of these incidents, and no knowledge of whether there actually had been any touching. The defense pointed to a report showing there had been an investigation, but had no information on the results of that investigation.

**{21}** The only other evidence the defense sought to introduce to support its claim that there had been prior incidents of sexual abuse of T.L. involved medical examinations of

T.L. between the time she was two and six years old. The records of these medical examinations showed that they were conducted due to a skin condition T.L. suffered from as a young child. There was no evidence supporting defense allegations that these examinations stemmed from sexual abuse of T.L.

**{22}** We agree with the district court that this evidence is irrelevant to the claims of sexual molestation against Defendant. It does not provide a basis in fact for Defendant's claim that T.L.'s PTSD arose from prior incidents of sexual abuse by others, rather than from the incidents charged against Defendant. We therefore find no abuse of discretion in the district court's exclusion of evidence from Michigan or, relatedly, in denying Defendant's request to question T.L. and Grandmother about prior incidents of sexual abuse.

## II. The Admission of Expert Testimony on the Cause of Victim's PTSD Was Not Plain Error

**{23}** Defendant also argues that the admission of expert testimony from T.L.'s therapist attributing T.L.'s PTSD diagnosis to "the sexual abuse she reported"[1] was plain error, requiring reversal on appeal. Defendant contends that the testimony was inadmissible and, since the district court excluded any evidence that T.L. was abused by someone else, the jury was left to surmise that T.L.'s PTSD diagnosis was the result of the sexual abuse charged against Defendant.

**{24}** We review the admission of evidence for plain error affecting a substantial right when no objection is made at trial. *See* Rule 11-103(D)-(E) NMRA ("A court may take notice of a plain error affecting a substantial right, even if that claim of error was not properly preserved."). To find plain error, the reviewing court must be convinced, not only that the testimony was inadmissible, but that its admission constituted an injustice that created grave doubts concerning the validity of the verdict or the fairness of the trial. *State v. Montoya*, 2015-NMSC-010, ¶¶ 46, 48, 345 P.3d 1056. In applying this standard, we "examine the alleged errors in the context of the testimony as a whole." *Id.* ¶ 46 (internal quotation marks and citation omitted).

**{25}** We assume, without deciding, that the admission of the expert's testimony attributing T.L.'s PTSD diagnosis to the sexual abuse she reported was error and turn to whether the error was plain. We must decide whether the admission of this testimony was an injustice, which created "grave doubts concerning the validity of the verdict . . . and the fairness of the trial." *Montoya*, 2015-NMSC-010, ¶¶ 46, 48. In this case, the statement attributing T.L.'s PTSD diagnosis to "the sexual abuse she reported" was elicited by a question asked by the district court judge during cross-examination, and was immediately followed by defense counsel asking the therapist, "Your job is not to

---

[1]Defendant's brief mentions that T.L.'s therapist also erred in testifying as to a diagnosis of "physical and sexual abuse of a child," also without objection by the defense. Defendant, however, does not develop that argument and, therefore, we will not address it further. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

determine the truthfulness of [reported sexual abuse]?" to which the therapist answered, "Correct, no."

**{26}** The erroneous testimony in this case was limited to a single statement that did not identify Defendant as the alleged perpetrator. *Cf. State v. Lucero*, 1993-NMSC-064, ¶¶ 15-17, 116 N.M. 450, 863 P.2d 1071 (concluding that expert testimony that connected the victim's PTSD diagnosis to sexual abuse by a specific perpetrator constituted plain error requiring reversal). Multiple times during her testimony, the therapist stated that it is not her job to determine the truthfulness of a victim's allegations. Further, the State did not mention the erroneous testimony in closing argument or otherwise emphasize this testimony. *Cf. State v. Tollardo*, 2012-NMSC-008, ¶ 43, 275 P.3d 110 (considering among other things, in the harmless error context, the circumstances of the error and the emphasis placed on the error).

**{27}** Moreover, our review of the trial transcript in this case shows that Defendant initiated the questioning of the therapist about the particular events that caused T.L.'s PTSD in order to support Defendant's claim that prior incidents of sexual abuse by others were the cause of T.L.'s PTSD (and not the alleged abuse by Defendant, which Defendant argued had not occurred). Although the question challenged on appeal was asked by the district court, not by defense counsel, the record shows that defense counsel enlisted the district court's help and that the question asked was based on a tactical choice by defense counsel, made in pursuit of counsel's preferred defense. Where error is introduced by the defendant in pursuit of some advantage, the defendant may not later claim his own action as a ground for reversing his conviction. *See State v. Padilla*, 1986-NMCA-063, ¶ 18, 104 N.M. 446, 722 P.2d 697; *see also State v. Handa*, 1995-NMCA-042, ¶ 35, 120 N.M. 38, 897 P.2d 225 ("[T]he doctrine of fundamental error has no application in cases where the defendant, by his own actions, invites error.").

**{28}** For these reasons, we conclude that the admission of the therapist's testimony was not plain error.

### III.     Defendant Has Not Made a Prima Facie Case of Ineffective Assistance of Counsel

**{29}** Last, Defendant contends his trial counsel was ineffective on a couple grounds. The State responds that Defendant has not made a prima facie case of ineffective assistance of counsel. We agree with the State.

**{30}** We rarely resolve claims of ineffective assistance of counsel on direct appeal because the appellate record most often lacks sufficient information to support such a claim. *See, e.g.*, *State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 ("On direct appeal, the record is frequently inadequate to either evaluate counsel's performance or to determine prejudice."). Only when a defendant presents a prima facie case of ineffective assistance of counsel will we remand to the district court for evidentiary proceedings. *See State v. Bernal*, 2006-NMSC-050, ¶ 33, 140 N.M. 644, 146 P.3d 289. "For a successful ineffective assistance of counsel claim, a defendant must first

demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *Id.* ¶ 32 (providing, as to prejudice, that "[a] defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (internal quotation marks and citation omitted)).

**{31}**    First, Defendant argues ineffective assistance of counsel based on trial counsel's failure to subpoena as a witness the detective who investigated the case against Defendant. In this case, Defendant asserts that it was "central to the defense" to attack the police investigation of the charges against him and that he was unable to do so because of trial counsel's failure to subpoena the detective as a witness. Defendant claims that without the detective's testimony, defense counsel could not seek the admission of the investigator's report, which it planned to use to discredit the State's case. Defendant, however, does not explain in his briefing on appeal how he intended to use the investigator's testimony and the report in his defense.

**{32}**    Next, Defendant claims ineffective assistance of counsel based on defense counsel's failure to timely disclose its defense expert, resulting in the district court imposing limits on the expert's testimony. Defendant claims these limits prejudiced the defense. Once again, Defendant made no offer of proof in the district court and does not explain in his briefing how he was prejudiced by its absence.

**{33}**    We conclude that Defendant has not made a prima facie case of ineffective assistance of counsel based on either alleged error by his counsel. Our decision does not preclude Defendant's ability to pursue habeas corpus or other post-conviction relief with respect to his claims of ineffective assistance of counsel. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517.

**CONCLUSION**

**{34}**    We affirm Defendant's conviction.

**{35}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**